**Violet M. FISCHER, Petitioner,**

v.

**FARMERS INSURANCE EXCHANGE, an insurance corporation, Respondent.**

**No. 44520.**

Supreme Court of Oklahoma.

Oct. 3, 1972.

Floyd L. Martin, Oklahoma City, for petitioner.

Foliart, Shepherd, Mills & Niemeyer, by David W. Edmonds, Oklahoma City, for respondent.

DAVISON, Vice Chief Justice:

This is a case that in one respect is somewhat like Boughton v. Farmers Insurance Exchange, Okl., 354 P.2d 1085; Holt v. Bell, Okl., 392 P.2d 361, and Johnson v. United Services Automobile Association, Okl., 462 P.2d 664. Each of these cases involved in a different way and under a different contract, the nature and scope of an insurer's liability under a policy provision that applies in case an insured is injured by an uninsured motorist.

The attempted appeal, now before us, is from an order of the trial court, not final, but interlocutory in character. It is required that an appeal from an interlocutory order be perfected under 12 O.S.1961, § 952(b) 3 (Supp.1969) and under rules effective January 1, 1970, promulgated pursuant thereto that apply to perfecting a Civil Appeal, specifically Rules 1.50–1.56, inc. The order of the trial court in question overruled plaintiff's (petitioner's) motion for a summary judgment and decreed "the cause shall proceed to trial upon the issues and contentions formed by the pleadings."

The trial court certified the interlocutory order as provided in Rule 1.51. This rule provides in (b), "A proceeding to review a certified interlocutory order shall be commenced by filing a petition for certiorari * * *." Rule 1.52 prescribes the required content of a petition for certiorari by listing ten different matters the petition must cover.

■ The petitioner filed instead a document labeled "Petition-in-Error." Certainly, if the document complied with Rule 1.-52, the erroneous label would not be regarded as significant. What we must regard as significant is the nearly total failure of petitioner to supply us in the petition for certiorari with the information required by Rule 1.52. To fail to enforce Rule 1.52, when compliance is so helpful to the members of this court, is to say the rule was framed without design or purpose.

■ Accordingly, this petition for certiorari is denied with directions that the cause proceed to trial with such amendments to the pleadings, if any, that either party wished to propose to the trial court.

Certiorari denied with directions.

BERRY, C. J., and WILLIAMS, HODGES, LAVENDER, BARNES and SIMMS, JJ., concur.

IRWIN, J., concurs in result.