Emma Louise BROWN, a/k/a Emma
L. Brown, a/k/a Louise Brown,
Appellee,

v.

Terry L. BROWN, a/k/a Terry
Brown, Appellant.

No. 80138.

Court of Appeals of Oklahoma,
Division No. 2.

Feb. 22, 1994.

Douglas L. Jackson, Julia C. Rieman, Karig P. Culver, Gungoll, Jackson, Collins & Box, P.C., Enid, for appellee.

Harold Logsdon, Baker, Logsdon, Schulte & Cross, Kingfisher, for appellant.

REIF, Chief Judge.

This "appeal" arises from a proceeding to partition certain property in Kingfisher County, Oklahoma. The parties had acquired the property during their marriage and remained co-owners pursuant to their Texas divorce decree. Post-divorce strife had rendered their continued co-ownership untenable and plaintiff ex-wife sought partition.

There was no controversy concerning the respective interests of the plaintiff ex-wife and defendant ex-husband. There also was no controversy that the property was encumbered by first mortgages in favor of the Farm Credit Bank of Wichita. Citing these uncontested facts, plaintiff ex-wife filed a motion for summary judgment seeking an order for partition in kind or, alternatively, for appraisal and sale of the property. Defendant ex-husband filed a response to the motion for summary judgment requesting a denial of partition on grounds of inequitable hardship. This is the only relief defendant ex-husband ever raised by a pleading. The Farm Credit Bank of Wichita, being a named party defendant, filed a response to the motion for summary judgment asking the trial court to order "proceeds from the sale of the subject real property ... to be paid to [the Bank]" to satisfy its uncontested first mortgages on the property.

At the hearing on the motion for summary judgment, defendant ex-husband abandoned his inequitable hardship defense and orally requested partition in kind. With the case in this posture, the trial court ordered the property sold, over the defendant ex-husband's objection.

At defendant ex-husband's request, the trial court certified the partition order as an interlocutory order for immediate review under Civil Appellate Procedure Rules 1.50 through 1.56, 12 O.S.1991, ch. 15, app. 2.[1] Defendant ex-husband filed a *petition in error* stating that "Questions certified for immediate appeal" were presented. However, Rule 1.51 prescribes that review of a certified interlocutory order shall be commenced by petition for certiorari. In her response to the petition in error, plaintiff ex-wife pointed out that defendant ex-husband had not properly pursued certiorari review. Review of the record reveals that defendant ex-husband did not comply with other procedural requirements for review of a certified interlocutory order.

After initiating review of the certified interlocutory partition order, defendant ex-husband objected to a sheriff's sale of the property and objected to confirmation of the sheriff's sale. Believing that defendant ex-husband had properly sought review of the interlocutory order, the trial court held that only an appellate court could stay further proceedings pending review of the certified interlocutory order. In absence of a stay, the trial court refused to interfere with the sheriff's sale and subsequently confirmed the sale. The record reflects that the sale was in conformity with the order for partition and the commissioners' appraisal and report. Following the confirmation of the sheriff's sale, defendant ex-husband purported to amend the petition in error to seek review of the trial court's orders overruling the objection to the sheriff's sale and confirming the sale.

 Defendant ex-husband sought and received certification of the interlocutory order for partition by sale. In the face of early

---

**1.** An order for partition is "a purely preliminary and interlocutory order." *Clement v. Ferguson,* 287 P.2d 207, 211 (Okla.1955).

notice that appeal by petition in error was not proper, he did not cure the defect and failed to comply with other procedural requirements for review of the interlocutory order. Because defendant ex-husband elected to seek appellate review of the trial court's partition order through the certified interlocutory order procedure, he is bound by that choice and the consequences of failing to properly pursue such relief. Whether the trial court properly ordered partition by sale without considering a commissioners' recommendation concerning partition in kind cannot *now* be reviewed on appeal from the order confirming the sale of the property. This was the very issue that was certified for interlocutory review.

Although the "amended petition in error" was timely filed following the final order confirming the sheriff's sale, it could not resurrect the aborted certified interlocutory appeal nor afford a second chance to challenge the interlocutory order for partition. Assuming, but not deciding, that the amended petition in error filed under the interlocutory appeal number effectively invoked appellate review of a final order, the

only issues reviewable under the "amended petition in error" were the trial court's refusal to stay the sale and the confirmation of the sale. However, even those issues are now moot by defendant ex-husband's admission that he accepted his share of the proceeds of the sale and other benefits of the sale.

The certified interlocutory appeal of the partition order is hereby dismissed for failure to comply with the rules governing such appeals. *See Fischer v. Farmers Insurance Exchange*, 501 P.2d 1105, 1106 (Okla.1972).[2] The order confirming the sheriff's sale is affirmed insofar as this court had timely cognizance of that final order and the parties were permitted to pursue appellate review of that final order under case number 80,138.

BOUDREAU, P.J., and RAPP, J., concur.

---

2. In *Fischer*, the court indicated it would enforce compliance with Rule 1.52 because a petition for certiorari provides the specific information that is helpful to the court in reviewing a matter certified for interlocutory appeal. In *Fischer*, the court noted that the petition in error filed in that case was not sufficient to invoke interlocutory certiorari review, because of "the nearly total failure of petitioner to supply . . . the information required by Rule 1.52." In the instant case, the

defendant ex-husband's petition in error fails to provide critical information required by Rule 1.52: (1) it fails to adequately specify the "nature of the certified order to be reviewed," (2) it omits attachment of the statement of the trial court concerning the record and certifying the order as required by Rule 1.52a, and (3) it fails to disclose whether stay of the proceedings in the trial court is necessary.