Daniel **MILLISER**, Petitioner,

v.

**MERCURY DRILLING COMPANY, Fidelity Casualty Insurance Co. and Workers' Compensation Court,** Respondents.

No. 66446.

Court of Appeals of Oklahoma, Oklahoma City Divisions.

March 23, 1987.

Rehearing Denied April 28, 1987.

---

John M. Merritt, Oklahoma City, for petitioner.

John A. McCaleb, Oklahoma City, for respondents.

## ACCELERATED DOCKET DECISION

This Accelerated Docket case was orally presented and submitted to the undersigned judges.

We are asked here to determine: Does a settlement between an injured employee and a negligent third party in District court, terminate temporary total disability previously awarded by the Workers' Compensation Court? We answer, when settlement is approved by the Workers' Compensation Court, employer or employer's insurance carrier is responsible for only the deficiency between the amount actually collected from the negligent third party and the compensation provided by the Workers' Compensation Act.

Petitioner, Daniel Milliser (Injured Worker), was severely injured when a drilling platform fell while he was working for Mercury Drilling Company (Employer). Injured Worker filed a workers' compensation claim and was awarded temporary total disability benefits. Mercury Drilling Company has paid over $250,000 in temporary total disability.

Injured Worker then filed a third party claim for his injuries in the United States District Court for the Western District of Oklahoma against Armco, Inc. and others. A compromise settlement of $407,500 was entered in that case and was approved by the Federal District Judge and by the Workers' Compensation Court. The Federal District Judge apportioned the settlement awarding $168,075.16 to Injured Worker and $26,440.54 to Employer as reimbursement for the temporary total disability already paid. This apportionment was not appealed.

Employer then filed a motion in the Workers' Compensation Court to terminate the temporary total disability benefits it was paying the Injured Worker. Trial court sustained the motion and Injury Worker appealed. Employer does not contend, due to the settlement with negligent third party, it is absolved from further responsibility, employer simply argues it is not responsible for any further payment until a deficiency exists. We conclude temporary total disability benefits should be suspended or deferred awaiting the determination of whether there will be, in fact, a deficiency.

In general, the Workers' Compensation Act was enacted for the benefit of the worker. The Act provides for compensation for injury from an employer without regard to negligence. *Parkhill Truck Company v. Wilson*, 190 Okla. 473, 125 P.2d 203 (1942). However, if injuries are caused by negligence of a third party, the Act guards against the employee receiving a double recovery, one from the employer and one from the tortfeasor. *German v. Chamray*, 564 P.2d 636 (Okla.1977). Okla. Stat. tit. 85 § 44 1981 is designed to protect employer or his insurer by giving the right of subrogation or reimbursement to the employer against the tortfeasor. *Travelers Insurance Company v. Leedy*, 450 P.2d 898 (Okla.1969). The proceedings in this case followed both the letter and the spirit of § 44.

"If a worker entitled to compensation under the Workers' Compensation Act is injured or killed by the negligence or wrong of another not in the same employ, such injured worker shall ... elect whether to take compensation under the Workers' Compensation Act, or to pursue his remedy against such other.... If he elects to take compensation under the Workers' Compensation Act, the cause of action against such other shall be assigned to the insurance carrier liable for the payment of such compensation, and if he elects to proceed against such other person or insurance carrier, as the case may be, the employer's insurance carrier shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or

estimated by the Workers' Compensation Act for such case. The compromise of any such cause of action by the worker at any amount less than the compensation provided for by the Workers' Compensation Act shall be made only with the written approval of the Court....

In the event that recovery is effected by compromise settlement, then in that event the expenses, attorneys fees and the balance of the recovery may be divided between the employer or insurance company having paid compensation and the employee or his representatives as they may agree. Provided, that in the event they are unable to agree, then the same shall be apportioned by the district court having jurisdiction of the employee's action against such other person, in such manner as is just and reasonable."

Employer is responsible for only the deficiency between what Injured Worker is entitled to under the Workers' Compensation Act and what he actually collected from negligent third party. Injured Worker is not precluded from establishing a deficiency in the future. This procedure insures that Injured Worker will receive the total amount he is entitled under the Act, however, it guards against a double recovery. *Coker-Mitchell Company v. State Industrial Court*, 450 P.2d 894 (Okla.1969).

We modify the order of the Workers' Compensation Court to suspend or defer temporary total disability benefits awaiting determination of a deficiency instead of terminating the benefits.