2002 OK 82

Randy **CAFFEY**, Petitioner/Appellant,

v.

**SOLORAY, TRAVELERS INS. CO.**, and the Workers' Compensation Court, Respondent/Appellees.

No. 96,081.

Supreme Court of Oklahoma.

Oct. 29, 2002.

Herbert E. Elias, Jr., Elias & Crawford, Tulsa, for Appellant.

Tenal S. Cooley, III, Looney, Nichols & Johnson. Oklahoma City, for Respondents.

SUMMERS, J.

¶ 1   Claimant was injured on the job by a third-party tortfeasor.  He settled for his injuries with the third-party (Walmart), and paid a portion of his settlement to his employer, who had been paying compensation benefits.  The question here is whether a statute, 85 O.S.1991 § 44(a), relieves the employer of paying further comp benefits until the claimant can show a deficiency between the net amount he received in the settlement and the amount to which he is statutorily entitled on his compensation claim.  The trial court and three-judge panel held the employer was so relieved, but the Court of Civil Appeals reversed and directed the employer to resume making compensation payments.  We have granted certiorari review, and now sustain the original orders of the Workers' Compensation Court.

¶ 2   The claimant, Randy Caffey, suffered severe accidental injuries in August, 1997, when a new tire came off the company car he was driving for his employer, Soloray.  Mr. Caffey sought Workers Compensation benefits, and while his claim was pending, he filed negligence actions against Wal–Mart, which had installed the tire on the car.  On June, 1, 2000, a settlement of those suits in the amount of $300,000.00 was reached.  Under the terms of the settlement agreement, Soloray, and its insurer, Travelers, accepted $85,000.00 out of the proceeds in exchange for the release of their subrogation rights for Workers Compensation benefits in the amount of $128,718.00 which had been paid to Mr. Caffey up to that point.

¶ 3   The pertinent portion of the settlement agreement provides:

Mutual Release between the Caffeys, Solaray (sic) and Travelers.  In consideration of $85,000 paid by the Caffreys to Solaray and Travelers Property Casualty Corporation, Solaray(sic) and Travelers hereby release Randy Caffey from any obligation to refund settlement proceeds as may have arisen by operation of 85 O.S. § 44.  Solaray(sic) and Travelers agree and acknowledge the sums they are to receive shall constitute full and final settlement of any subrogation interest or right they may have now or in the future as a result of Randy Caffey's workers' compensation claim . . . Further, the Caffeys hereby release Solaray(sic) Corporation from any obligation it may have by virtue of its employment relationship with Randy Caffey, including, but not limited to the allegations made in the [third-party action] and any [other] claims . . . . Provided, however, that nothing herein shall be deemed to release Randy Caffey's claims asserted in the worker's compensation claim . . . Further, the Caffeys save and hold harmless Solaray (sic) Corporation and Travelers Property and Casualty Corporation from Farmer's Insurance Company's $10,000 lien on the settlement proceeds . . .

¶ 4   Soloray and Travelers requested the trial court review the settlement agreement and enter a "Section 44 Order", holding Mr. Caffey's claim for additional Workers' Com-

pensation benefits in abeyance until he was able to establish that a deficiency in excess of $215,000.00 existed. That amount is the net sum the trial court determined Mr. Caffey received after paying the employer/insurer ($85,000) in satisfaction of its subrogation claim.

85 O.S.1991, § 44 provides in relevant part as follows:

> (a) If a worker entitled to compensation under the Workers' Compensation Act is injured or killed by the negligence or wrong of another not in the same employ, such injured worker shall, before any suit or claim under the Workers' Compensation Act, elect whether to take compensation under the Workers' Compensation Act, or to pursue his remedy against such other. Such election shall be evidenced in such manner as the Administrator may by rule or regulation prescribe. If he elects to take compensation under the Workers' Compensation Act, the cause of action against such other shall be assigned to the insurance carrier liable for the payment of such compensation, and *if he elects to proceed against such other person or insurance carrier, as the case may be, the employer's insurance carrier shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by the Workers' Compensation Act for such case.* The compromise of any such cause of action by the worker at any amount less than the compensation provided for by the Workers' Compensation Act shall be made only with the written approval of the Court. Whenever recovery against such other person is effected without compromise settlement by the employee or his representatives, the employer or insurance company having paid compensation under the Workers' Compensation Act shall be entitled to reimbursement as hereinafter set forth and shall pay from its share of said reimbursement a proportionate share of the expenses, including attorneys fees, incurred in effecting said recovery to be determined by the ratio that the amount of compensation paid by the employer bears to the amount of the recovery effected by the employee. After the expenses and attor-

> neys fees have been paid, the balance of the recovery shall be apportioned between the employer or insurance company having paid the compensation and the employee or his representatives in the same ratio that the amount of compensation paid by the employer bears to the total amount recovered; provided, however, the balance of the recovery may be divided between the employer or insurance company having paid compensation and the employee or his representatives as they may agree. In the event that recovery is effected by compromise settlement, then in that event the expenses, attorneys fees and the balance of the recovery may be divided between the employer or insurance company having paid compensation and the employee or his representatives as they may agree. Provided, that in the event they are unable to agree, then the same shall be apportioned by the district court having jurisdiction of the employee's action against such other person, in such manner as is just and reasonable. (Emphasis added)

¶5 On October 27, 2000, the trial court entered its order holding that under the statute Soloray and Travelers had no obligation to pay additional compensation benefits until a deficiency in excess of $215, 000 was established. In its order the court noted that its inquiry into the matter under Section 44 was directed first by whether the third-party settlement was effected with or without a "compromise settlement," meaning whether the amount received by the injured worker from the third-party was less than the compensation provided or estimated by the Act. See *Prettyman v. Halliburton Co.,* 1992 OK 63, 841 P.2d 573, and cases cited therein. Since Mr. Caffey had settled his negligence action for an amount in excess of the Workers' Compensation benefits he had received to that point, the trial court found the legal implications of the settlement in regard to employer's subrogation rights and Mr. Caffey's entitlement to future Workers' Compensation benefits, had to be determined under the provisions of Section 44(a) pertaining to settlements without compromise. *Prettyman, supra.*

¶ 6 That being so, the court found that under these facts the statute provides that the insurance carrier "shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by the Workers' compensation Act for such case."

¶ 7 The court found the provisions of the statute regarding apportionment of expenses necessary to effect a recovery and apportionment by the court or by statutory formula expenses and settlement proceeds were inapplicable since the parties had agreed how the settlement would be apportioned. Section 44(a) recognizes the parties may apportion the recovery by agreement: "provided, however, the balance of the recovery may be divided between the employer or insurance company having paid compensation and the employee or his representatives as they may agree."

¶ 8 The trial court found the terms of the settlement agreement fully compromised Soloray and Traveler's subrogation interest in the third-party action as well as Mr. Caffey's right to have Soloray and Travelers share in expenses and costs of the third party action. In accepting those funds, they agreed to release claimant from "any obligation to refund settlement proceeds as may have arisen by operation of Sec. 44" and agreed that the $85,000.00 payment "shall constitute full and final settlement of any subrogation interest or right they may have now or in the future as a result of Randy Caffey's workers' compensation claim ... Provided, however that nothing herein shall be deemed to release [his] claims asserted in the workers' compensation claim..."

¶ 9 The trial court found its inquiry into the circumstances and effect of claimant's election to file suit against the negligent third party required recognition of the statute's second purpose beyond protecting subrogation interests of employers and their carriers, which is to guard against an employee receiving a double recovery for his injury. The court concluded that when Mr. Caffey entered into the settlement agreement he elected his remedy for this injury to the extent of his recovery from the third party, and since the provisions of Section 44 prohibit an injured worker from recovering twice

for the same injury, Soloray and Travelers had no obligation to pay further Workers' Compensation benefits until such time as a deficiency is found to exist.

¶ 10 Claimant appealed to the three-judge panel which affirmed the trial court's order, and claimant then sought appellate review. He argued the terms of the agreement plainly provided that employer's receipt of the $85,000 was a release of "**all** rights" employer had under Section 44, those being, he asserted, both the right to subrogation and the right not to pay additional benefits which would amount to a double recovery for claimant. He contended that the trial court's application of Section 44 to this case was error and complained that the agreement did not expressly reserve the issue of a "deficiency," and the court's ruling was a wrongful expansion of the terms beyond their clear meaning which gave employer more than it was entitled to receive.

¶ 11 The Court of Civil Appeals agreed with claimant's contention. Under its interpretation of the agreement, the court found Soloray had given up not only its right to subrogation, but also its right to receive what that Court characterized as any "additional sums for reimbursement." Based on that premise, the court determined that Soloray had "released all other rights it had to the $300,000 settlement when it accepted the $85,000" and the Court concluded Section 44 was therefore inapplicable to the case and ruled a deficiency requirement could not be imposed on the compensation benefits in the future.

¶ 12 On certiorari, Soloray and Travelers point out that they were not seeking any reimbursement of settlement funds beyond the $85,000. Neither were they seeking to be absolved of further responsibility for paying Workers' Compensation benefits to Mr. Caffey. They wanted only to be relieved of responsibility for paying out further Workers' Compensation benefits to Mr.Caffey until a deficiency was determined to exist above the $215,000 he received from the tortfeasor for his injury. Employer contends that the Court of Civil Appeals decision was in error. We agree.

¶ 13 In general, the Workers' Compensation Act was enacted to protect workers in covered employment, and it assures them of receiving legislatively fixed compensation for accidental injuries suffered on the job without regard to negligence. The Act was not intended to abrogate, modify or in any way affect the right of an injured worker to pursue his common law right of action against a negligent third party who caused his injury. *Parkhill Truck Co. v. Wilson,* 1942 OK 168, 125 P.2d 203. In a case such as this where injuries are caused by the negligence of a third party, Section 44 is designed to protect the subrogation rights of the employer and its carrier to the extent of the compensation benefits paid the injured worker, and also to guard against the employee receiving double recovery for his injury, one from the employer and one from the tortfeasor. The statute sets out the procedural steps for the employee to follow in bringing his third-party action in a manner which assures the employer or its carrier of notice of the worker's intention so it may protect its right of subrogation. *Prettyman v. Halliburton, supra;*

¶ 14 We have long recognized that these provisions of Section 44 exist to protect the employer and its carrier; they were not intended to work to the benefit of the employee or the tortfeasor. *Parkhill Truck Co. v. Wilson,* supra.

¶ 15 This issue of the employer's right to be relieved from paying an injured employee's Workers' Compensation benefits until a deficiency exists between the settlement amount received from the third-party and the benefits which have been paid or to which employee is entitled, has been addressed by our Court of Civil Appeals twice, and in both decisions the courts reached a result opposite that in the instant case. *Milliser v. Mercury Drilling Company,* 1987 OK CIV APP 22, 738 P.2d 962, relied on by the trial court below, involved facts virtually identical to those before us today. There an injured worker recovered a greater amount through a judicial apportionment of settlement funds than he had received from his compensation benefits, and the employer, who had accepted funds in satisfaction of his subrogation interest, was successful in his effort to have the trial court terminate the

compensation benefits employer was paying the worker.

¶ 16 The Court of Appeals found employer's responsibility to pay further benefits should be "suspended or deferred awaiting the determination of whether there will be, in fact, a deficiency." At 963. The Court determined that holding the employer responsible for only the deficiency was consistent with the provisions of Section 44 and decisions thereunder, as the injured worker was not precluded from establishing a deficiency in the future and it insures worker will receive his full entitlement under the Act while it also guards against double recovery.

¶ 17 Since it rendered the decision in the instant matter, the Court of Civil Appeals, Division no. 3, decided *Keeney v. TTC Illinois, Inc.,* 2002 OK CIVAPP 48, 46 P.3d 192, which has facts similar to those here. There the Court of Civil Appeals affirmed the Workers' Compensation Court's order which deferred employer's payment of Worker's Compensation benefits until claimant had exhausted her share of proceeds from the settlement reached with the third-party tortfeasor. In its resolution of this issue, the court was persuaded by the reasoning of *Milliser v. Mercury Drilling Co., supra,* and its recognition that suspending the employer's responsibility to provide benefits until a deficiency is reached, carries out the purposes of the "deficiency" provision of Section 44(a) by insuring employer contributes only the amount for which it is obligated. It further cited our *Prettyman* case, supra at 577, for the proposition that § 44 "is designed to protect the subrogation rights of the employer", and to "guard against the employee receiving double recovery."

¶ 18 Thus, in *Milliser* and in *Keeney* the appellate courts correctly determined § 44(a) to be controlling. Likewise, in our case Soloray and Travelers are entitled to withhold additional compensation benefits until a deficiency occurs between the net sum recovered by the claimant and the amounts due him under Workers' Compensation law.

¶ 19 The orders of the trial judge and the three-judge panel of the Workers' Compensation Court are supported by competent evidence and are not contrary to law. The

opinion of the Court of Civil Appeals is vacated, and the order of the Workers' Compensation Court is sustained.

¶20 HARGRAVE, C.J., WATT, V.C.J., HODGES, LAVENDER, OPALA, KAUGER, WINCHESTER, JJ.—Concur.

¶21 BOUDREAU, J.—Dissents.