2009 OK 33

**Nancy R. SUMMERS, Appellant,**

**v.**

**ZURICH AMERICAN INSURANCE COMPANY, Appellee.**

No. 105,617.

Supreme Court of Oklahoma.

May 26, 2009.

Rehearing Denied June 22, 2009.

Jim Loftis, Greg Bernard, Loftis & Barnard, Norman, OK, for Appellant.

Bryan N.B. King, Brooks A. Richardson, Fellers, Snider, Blankenship, Bailey & Tippens, Oklahoma City, OK, for Appellee.

COLBERT, J.

¶1 Certiorari review of this matter has been granted to describe the proper application of this Court's decision in *Sizemore v. Continental Cas. Co.*, 2006 OK 36, 142 P.3d 47, to monetary and non-monetary workers' compensation benefits. This Court today delineates the parameters of *Sizemore*'s requirement that an award of workers' compensation benefits be certified as unpaid before a claimant may proceed in the district court on a claim against a workers' compensation insurer for its failure to exercise its duty of good faith and fair dealing. Because the certification requirement was met in this matter, the claimant may proceed in the district court in her action for the insurer's alleged bad faith in refusing to authorize medical treatment which had been ordered by the Workers' Compensation Court.

## FACTS AND PROCEDURAL HISTORY

¶2 Claimant, Nancy R. Summers, was employed by Walgreens Drug Store in Ardmore, Oklahoma and was an insured under a workers' compensation policy issued by Insurer, Zurich American Insurance Company. She sustained a compensable work-related injury to her back, head, neck, and jaw on March 31, 2004.

¶3 Several orders from the Workers' Compensation Court directed that medical and wage benefits be provided to Claimant. By an order of May 6, 2005, the Workers' Compensation Court determined Claimant to be temporarily and totally disabled as a result of "an accidental personal injury to the BACK (THORACIC AND LUMBAR), HEAD, NECK, and JAW arising out of and in the course of [her] employment." The issue of permanent disability was reserved for future hearing. The order directed that Claimant be provided with "reasonable and necessary medical treatment by Dr. Douglas Kaplan and Dr. John Munneke including any necessary referral to Dr. David Johnsen." No appeal was sought and the order became final as to the responsibility to provide medical treatment.

¶4 On January 27, 2006, the Workers' Compensation Court ordered that temporary total disability (TTD) payments continue and that Claimant be evaluated for "TMJ" in her jaw. An Order Authorizing Medical Treatment was entered on May 3, 2006, which included treatment to Claimant's teeth by Dr. Edmonds. Another Order Authorizing Medical Treatment was entered on September 25, 2006, in which "respondent is ordered to provide claimant with an implant crown to TOOTH # 30 as previously recommended by Dr. Brooks Edmonds with reasonable and necessary follow-up care by Dr. Edmonds ... [and] to provide an implant of TOOTH # 30 by oral surgeon, Dr. Ron Graves, as recommended by Dr. Edmonds."

¶5 On October 16, 2007, the Workers' Compensation Court again entered an Order Authorizing Medical Treatment which recited the prior authorizations in 2004, 2005, and 2006. The Workers' Compensation Court ordered compliance with those authorizations and the continuation of those treatments. It required "reasonable measures" to facilitate Claimant's treatment within thirty days.[1]

1. The October 16, 2007, order provides:
   Now on this 16th day of OCTOBER, 2007, this cause came on for consideration pursuant to regular assignment and hearing on OCTOBER 16, 2007, before JUDGE MICHAEL J. HARKEY, at Oklahoma City, Oklahoma, at which time claimant appeared in person and by counsel, JOHN R. COLBERT and respondent and insurance carrier appeared by counsel, DAVID REID.
   The Court having considered the evidence and records on file, and being well and fully advised in the premises FINDS AND ORDERS AS FOLLOWS:

No appeal was taken from this final order or any order of the Workers' Compensation Court regarding this claim.

¶ 6 Thirty days after the filing of the order Claimant filed this action in district court asserting that Insurer's "refusal to comply with the Court's order and provide benefits in a timely manner constitutes a breach of contract resulting in a willful and intentional violation of its duty of good faith and fair dealing." Insurer moved for summary judg-

-1-
THAT on MAY 9, 2005 an order was entered herein finding that on MARCH 31, 2004 claimant sustained an accidental personal injury to the BACK (THORACIC AND LUMBAR), HEAD, NECK, and JAW arising out of and in the course of claimant's employment, which order established all jurisdictional issues herein.

-2-
THAT said order directed the respondent to provide the claimant with reasonable and necessary medical treatment by Dr. Douglas Kaplan and Dr. John Munneke, including any necessary referral to Dr. David Johnsen.

-3-
THAT on APRIL 4, 2006 an order was entered herein directing the respondent to provide the claimant with reasonable and necessary medical care by Dr. Robert Hines to the RIGHT SHOULDER, by Dr. Patrick Wallace to the JAW and by Dr. Brook Edmonds to the MOUTH (TEETH).

-4-
THAT Dr. Kaplan, M.D. is authorized to perform treatment set out in his report of APRIL 3, 2007. Both Dr. Patrick Wallace, D.D.S. and Dr. Ron Graves, D.D.S. [are] authorized to complete treatment on claimant's tooth implant. Dr. John Munneke, M.D. is authorized to continue with examinations and recommendations.

-5-
THAT respondent shall pay Dr. Patrick Wallace, D.D.S. and Dr. RON GRAVES, D.D.S. bill for treatment from JANUARY 24, 2006 to FEBRUARY 6, 2007 per the Oklahoma Medical Fee Schedule within 30 days of the filing date of this order.

-6-
THAT respondent is directed to take all reasonable measures to facilitate claimant's treatment as set out herein within 30 days of the filing date of this order.

-7-
THAT respondent shall pay DR. BROOKS EDMONDS, D.D.S. bill for treatment from JANUARY 30, 2006 to JUNE 13, 2006 per the Oklahoma Medical Fee Schedule within 30 days of the filing date of this order.

-8-

ment, urging that this Court's decision in *Sizemore* required "a claimant to seek and obtain relief under 85 O.S.2001 § 42(A) as a necessary precondition to a claim for alleged 'bad faith'." [2] Claimant responded noting the "factual dispute as to whether [Insurer] has paid what it was ordered to pay" and asserting that there is no requirement of a certification prior to the filing of a bad faith claim. The district court granted Insurer's Motion for Summary Judgment and a divided panel of the Court of Civil Appeals affirmed.

THAT respondent shall reimburse claimant for visits to Dr. Munneke on JUNE 20, 2007 in the amount of $86.33 and $93.03 for prescriptions from MARCH 8, 2006 to MAY 8, 2006.

2. Section 42(A) provides:

If payment of compensation or an installment payment of compensation due under the terms of an award, except in the case of an appeal of an award or an award from the Multiple Injury Trust Fund, is not made within ten (10) days after the same is due by the employer or insurance carrier liable therefor, the Court may order a certified copy of the award to be filed in the office of the court clerk of any county, which award whether accumulative or lump sum shall have the same force and be subject to the same law as judgments of the district court. Any compensation awarded and all payments thereof directed to be made by order of the Court, except in the case of an appeal of an award or an award of compensation from the Multiple Injury Trust Fund, shall bear interest at the rate of eighteen percent (18%) per year from the date ordered paid by the Court until the date of satisfaction. On or after November 1, 2001, compensation ordered to be paid from the Multiple Injury Trust Fund shall bear simple interest only at the percentage rate applicable to judgments in civil cases pursuant to Section 727 of Title 12 of the Oklahoma Statutes from the date of the award. Any award from the Multiple Injury Trust Fund prior to November 4, 1994, shall bear interest at the percentage rate applicable to judgments in civil cases pursuant to Section 727 of Title 12 of the Oklahoma Statutes. Upon the filing of the certified copy of the Court's award a writ of execution shall issue and process shall be executed and the cost thereof taxed, as in the case of writs of execution, on judgments of courts of record, as provided by Title 12 of the Oklahoma Statutes; provided, however, the provisions of this section relating to execution and process for the enforcement of awards shall be and are cumulative to other provisions now existing or which may hereafter be adopted relating to liens or enforcement of awards or claims for compensation.

Okla. Stat. tit. 85 (Supp.2008).

¶ 7 This matter demonstrates confusion as to the procedure to follow in certifying an award of compensation pursuant to section 42(A). That confusion was compounded in this matter by the fact that the bad faith claim is premised on allegations of Insurer's refusal to authorize court-ordered medical treatment, not on a refusal to pay monetary benefits. This Court granted certiorari review to identify the procedure for complying with Sizemore's certification requirement and to address *Sizemore*'s application to non-monetary awards of workers' compensation benefits.

## ANALYSIS

■ ¶ 8 As this Court explained in *Sizemore*, "Section 42(A) addresses late payment of workers' compensation benefits.... [It provides] a mechanism for enforcement of an unpaid award in district court. An insurer's bad faith in outright refusing to pay an award is beyond the purview of that incentive." *Id.* ¶ 25, 142 P.3d at 53–54. The remedy for an insurer's bad faith is a common law action in district court and the "bad faith conduct by a workers' compensation insurer in refusing to pay an award of benefits to an injured worker is judged by the same standard as bad faith conduct by any other insurer." *Id. citing Badillo v. Mid Century Ins. Co.,* 2005 OK 48, ¶ 28, 121 P.3d 1080, 1094 ("the minimum level of culpability necessary for liability against an insurer to attach is more than simple negligence, but less than the reckless conduct necessary to sanction a punitive damage award against said insurer").

¶ 9 In the context of an alleged refusal to pay a final award of *monetary* benefits in *Sizemore*, this Court required that "[a] claimant seeking to enforce an award must first utilize the mechanism provided in section 42(A) of the [Workers' Compensation] Act and have the award certified for enforcement." 2006 OK 36, ¶ 26, 142 P.3d at 54. Although the federal question answered in

*Sizemore* dealt with the payment of monetary benefits, the decision encompasses an insurer's bad faith refusal to provide any benefits which (1) have been ordered in a final order of the Workers' Compensation Court and (2) have been certified as having not been provided as ordered.

¶ 10 The procedure for having an award certified as unpaid [3] pursuant to section 42(A) is provided by Rule 58 of the Rules of the Workers' Compensation Court. It provides:

> An application for an order directing certification to district court of any workers' compensation award may be heard after notice to the respondent and insurance carrier has been given at least ten (10) days before the scheduled trial thereon. At such trial the respondent and insurance carrier shall be afforded an opportunity to show good cause why the application should not be granted.

Okla. Stat. tit 85, ch. 4, Rule 58 (Supp.2008). Under this post-judgment procedure, the insurer is given ten days notice of its opportunity to demonstrate good cause why the application should not be granted to certify that a final workers' compensation award (1) remains unpaid or (2) benefits have not been provided as ordered.

¶ 11 If the insurer fails to demonstrate good cause to the Workers' Compensation Court, a certification order will issue identifying the benefits which have not been provided as ordered. The certification order will make specific findings as to the basis for the court's determination that the insurer has not demonstrated good cause why the award should not be certified. *See Dunkin v. Instaff Personnel,* 2007 OK 51, 164 P.3d 1057. If the insurer's noncompliance with the award is based on its failure to provide *monetary* benefits, the amount of benefits owed will be reduced to a sum certain and any applicable penalty and interest provided by section 42(A) will be assessed. If the unsatisfied award involves *non-monetary*

---

**3.** The Workers' Compensation Act provides:

Failure for ten (10) days to pay any final award or any portion thereof, as ordered shall immediately entitle the beneficiary to an order finding the respondent and/or insurance carrier to be in default and all unpaid portions, including future periodic installments unpaid, shall immediately become due and may be immediately enforced as provided by Section 42 of this title.

Okla. Stat. tit. 85, § 41(C) (Supp.2008).

benefits, such as insurer's authorization of court-ordered medical treatment, the certification order will identify the unprovided court-ordered benefits.

¶ 12 At this point, a claimant with a certification order from the Workers' Compensation Court that complies with section 42(A) and Rule 58 which determines that an award of *monetary* benefits remains unpaid without good cause has two options. The claimant may (1) file a certified copy of the certification order, with the award attached, in the district court as a judgment and proceed to execution pursuant to section 42(A) or (2) the claimant may file a claim in tort for the insurer's bad faith. *Sizemore,* 2006 OK 36, ¶ 26, 142 P.3d at 54. In the latter option, the amount of unpaid benefits listed in the certification order becomes an element of the claimant's damages in the bad faith claim.

¶ 13 A claimant who has obtained an order certifying that *non-monetary* benefits have not been provided as ordered does not have the option of enforcing the award as a judgment in the district court. *See* Okla. Stat. tit. 85, § 42(A). That claimant's remedy is to proceed with a tort claim for bad faith in district court.

¶ 14 The purpose of *Sizemore*'s certification requirement is twofold. First, it is the legislatively provided incentive for prompt payment of claims for monetary benefits within workers' compensation independent of any bad faith claim. Second, the Rule 58 certification hearing by the Workers' Compensation Court provides the insurer the opportunity to show good cause as to why a final award of benefits remains unfulfilled. When an insurer has failed to provide court-ordered benefits and cannot demonstrate good cause for doing so, a reasonable inference arises that the reason for the failure to obey the award involves a refusal to comply, not mere negligence. The remedy for such conduct is an action for bad faith. Although pursuant to section 42(A) and Rule 58 a claimant is required to obtain certification that the insurer has not complied with a final

court order awarding benefits, a claimant is not required to pursue execution of a certification judgment in the district court before bringing a bad faith claim.

¶ 15 In this matter, Claimant alleges Insurer's continuing refusal to authorize the medical treatment ordered by final orders of the Workers' Compensation Court. Appended to her response to Insurer's motion for summary judgment are affidavits from Claimant and Dr. Edmonds stating that Insurer had refused on several occasions to authorize the treatment ordered in the May 4, 2006, and September 26, 2006, orders of the Workers' Compensation Court. The affidavits indicate that as of January, 2008, two months after this action was filed in the district court, Claimant was unable to obtain the medical treatment ordered by the Workers' Compensation Court due to Insurer's refusal to authorize that treatment. A letter in the record indicates that there may be an issue concerning whether Insurer refused to authorize court-ordered treatment by Dr. Kaplan. The record also demonstrates a delay in the payment of claimant's court-ordered travel expenses culminating in an order of the Workers' Compensation Court which imposed the $500.00 penalty provided by the Workers' Compensation Act.[4]

¶ 16 There is no doubt that at the very least a fact issue exists as to whether Insurer has complied with orders of the Workers' Compensation Court. The basis for summary judgment in this matter, however, was the legal question of whether Claimant complied with the *Sizemore* requirement that the compensation award be certified pursuant to section 42(A).

¶ 17 Claimant asserts a bad faith refusal to authorize court-ordered medical treatment. The question becomes whether the record contains an order which certifies that previously awarded medical benefits have not been provided as ordered, and demonstrates no good cause for Insurer's failure to do so. It does.

---

**4.** Section 30(A)(2) of the Act provides: "In the event a respondent fails to pay travel expenses as required by an order of the Court within twenty-five (25) business days of such order, the Court shall assess a Five Hundred Dollar ($500.00) penalty against the respondent and payable to the claimant."

¶ 18 The October 16, 2007, order of the Workers' Compensation Court satisfies the section 42(A) and Rule 58 certification requirements by demonstrating that the medical treatment repeatedly ordered by that court had not been satisfied. The order directed the employer "to take all reasonable measures to facilitate claimant's treatment as set out herein within 30 days of the filing date of this order."

¶ 19 Claimant alleges that Insurer continued to refuse to authorize and/or pay some of the medical treatment awarded even after the October 16, 2007, order. Nothing in the appellate record demonstrates that Insurer has asserted any justification for its alleged failure to provide all the medical treatment ordered by the Workers' Compensation Court. Instead, the record demonstrates that Claimant was forced to repeatedly return to the Workers' Compensation Court to have certain benefits, previously ordered in a final award, re-authorized. The section 42(A) certification requirement for enforcement of an award and as a prerequisite for bringing an action for an insurer's bad faith was to prevent precisely this situation. Claimants seeking to enforce an award of workers' compensation benefits, whether monetary or non-monetary, should utilize the Rule 58 procedure and seek certification pursuant to section 42(A).

¶ 20 Although the order in this matter did not use the term "certification," as referenced in section 42(A) and Rule 58, it was the functional equivalent of such an order and it satisfied the requirements stated in this opinion for such an order. A tort claim in district court was Claimant's prerogative for Insurer's alleged continuing failure to authorize the overdue court-ordered medical treatment. The district court erred in granting summary judgment.

CERTIORARI PREVIOUSLY GRANTED; OPINION OF COURT OF CIVIL APPEALS VACATED; TRIAL COURT REVERSED.

CONCUR: EDMONDSON, C.J.; OPALA, KAUGER, WATT, COLBERT, REIF, JJ.

DISSENT: TAYLOR, V.C.J.; HARGRAVE, WINCHESTER, JJ.

OPALA, J., concurs in obedience to *stare decisis.* See *Sizemore v. Continental Cas. Co.,* 2006 OK 36, 142 P.3d 47, 55–56.