2014 OK 101

**Ladonna STEWART, Plaintiff/Appellee,**

v.

**MERCY HEALTH CENTER, INC., Defendant/Appellants.**

No. 113237.

Supreme Court of Oklahoma.

Nov. 25, 2014.

## MEMORANDUM OPINION

### PER CURIAM:

¶1 On February 11, 2014, the plaintiff/appellee, Ladonna Stewart (Stewart/employee), filed suit against the defendant/appellants, Mercy Health Center, Inc. (Mercy/employer), in district court. Stewart alleged that Mercy had acted in bad faith in refusing to provide benefits previously ordered by the Workers' Compensation Court. Mercy filed a motion to dismiss on March 12, 2014, alleging that Stewart failed to comply with the jurisdictional requirement of obtaining a certification or order from the Workers' Compensation Court that the employer failed to provide the employee with benefits previously ordered by that tribunal.[1]

¶2 The trial court refused to dismiss the cause from the bench in April with the order being filed on July 18, 2014. Mercy filed a motion for reconsideration or in the alternative for an order certifying an immediate appeal. On August 29, 2014, the trial

---

1. The employee's argument that case law construing this requirement, formerly contained in § 42 of title 85, is inapplicable because the statute was repealed is unconvincing. Title 85A O.S. Supp.2014 § 79 contains language substantially similar to that found in the prior statutes on the subject. Section 79 provides:

"If any employer fails to comply with a final compensation judgment or award, any beneficiary of the judgment or award, or the Commission, may file a certified copy of the judgment or award in the office of the district court clerk of any county in this state where any property of the employer may be found. At that time, the district court clerk shall enter the judgment or award in the judgment record of the county, and the judgment or award so recorded shall be a judgment and lien as are

judgments of the district court, and enforceable as such."

We agree with the employee that the employer did not strictly comply with the requirements of Rule 1.52(b), Oklahoma Supreme Court Rules, Ch. 15, App. 1 by providing a concise statement from the trial court indicating what "the pertinent parts of the record, when transcribed, will disclose and a like statement of the reasons why the order should be reviewed in advance of final judgment ...". Nevertheless, under the facts presented, the petition provides sufficient information for the Court to proceed in this cause. See, *Fischer v. Farmers Ins. Exchange*, 1972 OK 130, 501 P.2d 1105 (A petition for certiorari which did not comply with Rule 1.52 and did not provide sufficient information to allow the Court to proceed was found deficient.).

court denied the employer's motion for reconsideration but granted the request for an order certifying an immediate interlocutory appeal. The Petition for Certiorari was filed on September 26, 2014. The Response shows a file stamp of October 7th.

 ¶3 In consideration of the above recounted and undisputed facts, WE DETERMINE:

1) Certiorari should be granted.

2) The sole issue presented is whether the district court has jurisdiction to proceed in the instant cause. The question is one of law subject to this Court's *de novo* review. *Samson Resources Co. v. Newfield Exploration Mid–Continent, Inc.,* 2012 OK 68, 10, 281 P.3d 1278; *Rogers v. Quiktrip Corp.,* 2010 OK 3, 4, 230 P.3d 853.

3) The employee does not contend, in the response to the Petition for Certiorari, that she obtained a certification or other order complying with 85 O.S. Supp.2014 § 79 before filing the bad faith claim in district court.

4) Our jurisprudence makes it clear that failure to obtain an order of the Workers' Compensation Court certifying the award as unpaid is a jurisdictional requirement to filing a bad faith claim for failure to pay benefits in the district court. *Sizemore v. Continental Casualty Co.,* 2006 OK 36, 26, 142 P.3d 36. See also, *Summers v. Zurich American Ins. Co.,* 2009 OK 33, 12–15, 213 P.3d 565

5) The nature of this cause, presenting a pure issue of law on a jurisdictional issue which is guided by well-established jurisprudence on an undisputed fact, *i.e.* the lack of a certified order from the Workers' Compensation Court, makes the preparation of a record [2] and the filing of briefs [3] a waste of the parties' time and attorney fees and of judicial resources.

6) The trial court should dismiss the cause without prejudice, giving the employee an opportunity to correct the jurisdictional defect presently existing.

¶4 The cause is remanded to the district court for the dismissal of the cause in accordance with the directions contained herein.

### REVERSED AND REMANDED.

COLBERT, C.J., REIF, V.C.J., KAUGER, WATT, WINCHESTER, EDMONDSON, COMBS, GURICH, JJ., concur.

TAYLOR, J., concurs in result.

---

**2.** Rule 1.54, Oklahoma Supreme Court Rules, 12 O.S.2011, Ch. 15, App. 1.

**3.** Rule 1.55, Oklahoma Supreme Court Rules, 12 O.S.2011, Ch. 15, App. 1.